```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Alemayehu Getachew,              :

      Plaintiff,              :

    v.                           :      Case No. 2:16-cv-920

Ashland City,                    :      JUDGE ALGENON L. MARBLEY
                                                Magistrate Judge Kemp
      Defendant.              :

## REPORT AND RECOMMENDATION

    Plaintiff, Alemayehu Getachew, filed the instant action *pro se* alleging violations of his constitutional rights by the city of Ashland, Ohio. He has also moved to proceed *in forma pauperis*. The case is before the Court for an initial screening as required by 28 U.S.C. §1915(e).

    Mr. Getachew's complaint arises out of a traffic stop which occurred on April 1, 2015, along Interstate 71 near Ashland, Ohio. Mr. Getachew alleges that Ashland City police officers ran a license check, determined that he was driving with a suspended license, and then conducted an unlawful search of his belongings and his cell phone. He asserts that there was no basis for the traffic stop, and he seeks damages for violations of his Fourth Amendment rights.

    The City of Ashland, in Ashland County, is located in the Northern District of Ohio. See 28 U.S.C. §115. 28 U.S.C. §1391, the general venue statute, states, in section (b), that a case such as this one can be brought in either "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...." The complaint makes clear that all of the defendants are residents of the Northern District of Ohio and that all of the key events occurred in that district.

Although Mr. Getachew may be a resident of the Southern District of Ohio, venue is not based on the Plaintiff's district of residence where there is a proper district for filing under §1391(b). Consequently, venue is not proper in this judicial district. Further, venue is an issue which the Court may raise on its own. See, e.g., Carver v. Knox County, Tenn., 867 F.2d 1287 (6th Cir. 1989).

When venue is improper, the Court has discretion under 28 U.S.C. §1406(a) to dismiss the case or to transfer it "to any district or division in which it could have been brought." Here, transfer appears to be in the interests of justice. Other courts have ordered the transfer of cases like this one where the Plaintiff simply chose the wrong judicial district within the State. See, e.g., Smith v. Hoffner, 2015 WL 401012 (E.D. Mich. Jan. 28, 2015). Consequently, it is recommended that this case be transferred to the United States District Court for the Northern District of Ohio, Eastern Division, at Cleveland, for all further proceedings, including a ruling on Plaintiff's motion for leave to proceed *in forma pauperis*.

Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

                                        <u>/s/ Terence P. Kemp</u>
                                        United States Magistrate Judge