**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALEMAYEHU GETACHEW,** | ) | **CASE NO. 1:16 CV 2675** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **v.** | ) | |
| | ) | **OPINION AND ORDER** |
| **ASHLAND CITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Alemayehu Getachew filed this action under 42 U.S.C. § 1983 against the City of Ashalnd, Ohio.  In the Complaint, Plaintiff alleges an Ashland Police Officer conducted a traffic stop, arrested him for driving with a suspended license, and searched his vehicle in violation of the Fourth Amendment.  He seeks monetary relief and expungement of his driving record.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Doc. No. 1).  That Motion is granted.

## I.  BACKGROUND

Plaintiff alleges he was driving south on Interstate 71 near Ashland, Ohio, when he passed a police cruiser parked by the side of the road.  The officer pulled the cruiser onto the

highway, followed Plaintiff for a short distance and then activated his lights to signal Plaintiff to pull over.  Plaintiff states the officer asked for his license and registration and indicated he would only be a few minutes.  Plaintiff alleges that after twenty minutes, the officer returned and informed Plaintiff that his license was suspended by the State of Florida.  The officer asked Plaintiff to step out of the car and into the cruiser.  Plaintiff complied.  He states the officer was intelligent, friendly and honest and just doing his job.

Once Plaintiff was in the police cruiser, the officer conducted a search of Plaintiff's automobile and its contents.  Plaintiff states the officer ransacked the vehicle and all of his clothing and documents were dispersed.  The officer then searched the vehicle with a police dog. Another officer arrived on the scene and began questioning Plaintiff about his work schedule. Plaintiff alleges they obtained this information from his cellular telephone which he had left in the vehicle.

Plaintiff's vehicle was towed and he received a traffic citation for driving under suspension.  The suspension caused a two point increase to be added to his license.  He contends his insurance premiums quadrupled, causing him to shut down his small transportation business. He indicates the stop violated his Fourth Amendment rights because the officer did not know until after he ran Plaintiff's license information through the computer database that it was suspended.  He also claims he did not know about the suspension believing he had mailed in the fine to Florida.  Plaintiff seeks monetary damages and an Order clearing the suspension from his driving record.

## II.  LAW AND ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

-3-

Plaintiff fails to state a claim for relief against the City of Ashland.  Section 1983 does not permit a Plaintiff to sue a local government entity on the theory *of respondeat superior*. *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 692- 94 (1978).  A Plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Id.*  A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights.  *Id*.  A "municipal policy" includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated." *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690).  A "custom" for purposes of *Monell* liability is a permanent and well-settled legal institution not memorialized by written law.  *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993).  To state a claim for relief against a municipality under § 1983, Plaintiff must: (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

In this case, Plaintiff does not identify a particular policy or custom of the City of Ashland that caused injury to him.  He challenges the officer's decision to stop his vehicle, the manner in which the officers searched his vehicle and its contents and the officers' decision to arrest him.  There are no allegations in the Complaint reasonably suggesting they were acting pursuant to a specific policy or custom of the City of Ashland.

### III. CONCLUSION

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 1) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e), without prejudice to any claims

-4-

Plaintiff may have against other individuals with respect to this incident.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED:  February 16, 2017

---

[1]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.